## Clara H. Bangs *et al.*

### *v.*

## John J. Brown *et al.*

*Filed at Ottawa January 22, 1885.*

1. Partition—*allowance for board and care of the common ancestor, as against the other heirs.* The owner of a lot of ground conveyed the same, in 1854, by his deed, directly to his wife, and died in the same year. His heirs never questioned the conveyance during their mother's lifetime. She died in 1881. Prior to her death one of her daughters and her husband occupied the residence on the premises, and continued such occupancy until after the mother's death. A bill for partition by the other heirs against such daughter sought to have her interest charged with the rents of the premises, and she filed a cross-bill asking for compensation for boarding, nursing and taking care of her mother, and that it be made a charge on the lot as against the other heirs. The proof showed that the rent of the dwelling house was a fair compensation for the board and care of the mother, and the court, in addition to the rent of the premises, allowed the daughter $100 for extra care of the mother in her sickness: *Held,* that the decree was reasonable and fair.

2. Same—*as to rents received by one holding under the owner of equitable title.* Where a husband, in 1854, shortly before his death conveyed certain lots directly to his wife, which conveyance, although void at law, was never assailed or sought to be set aside by any of the heirs, and the widow, in 1865, let one of the heirs (her son) into possession of one of the lots, who continued to hold such possession and collect and receive the rents until in 1879, when he acquired the entire interest in the same, it was *held,* on bill for the partition of another lot after the death of the widow, in 1881, that the widow was entitled to the rents of the first named lot, and might give them to whom she pleased, and that the son so receiving such rents was not legally chargeable with them in the partition suit as to the other lot.

3. Conveyance *from husband to wife—ripening into an equitable title by acquiescence.* Although a deed of land made by a husband in 1854, just before his death, to his wife, is void at law, yet if all the heirs acquiesce in such conveyance during the grantee's lifetime, and take no steps to have it set aside, it may be regarded and allowed to stand as an equitable disposition of the property, and the widow will be entitled to receive the rents and profits, and dispose of them as she chooses.

Writ of Error to the Superior Court of Cook county; the Hon. George Gardner, Judge, presiding.

Mr. M. MILLARD, for the plaintiffs in error:

At common law a deed from a husband to his wife for all his property is void, even in equity. *Beard* v. *Beard,* 3 Atk. 72; 2 Story's Eq. Jur. 1374; *Shepard* v. *Shepard,* 4 Johns. Ch. 57; *Coates* v. *Gerlach,* 44 Pa. 43; *Fowler* v. *Trebein,* 16 Ohio St. 493; *Wells* v. *Wells,* 35 Miss. 665; *Crooks* v. *Crooks,* 34 Ohio St. 610; *Whitcomb* v. *Sutherland,* 18 Ill. 578; *Manny* v. *Rixford,* 44 id. 129; *Newman* v. *Willets,* 48 id. 545; *Pike* v. *Baker,* 51 id. 164.

Equity will only sustain a deed from husband to wife when it appears to do otherwise would work an injustice. *Dale* v. *Lincoln,* 62 Ill. 23.

Before a court will maintain a deed from husband to wife, equity must be manifest. *Loomis* v. *Brush,* 36 Mich. 45; *Aultman* v. *Obermeyer,* 6 Neb. 260; Schouler on Husband and Wife, sec. 397.

Sarah Brown, as widow of John Brown, held this land as a homestead, and neither her dower nor homestead had ever been assigned. *Musham* v. *Musham,* 87 Ill. 80.

She had the right to the possession until her dower and homestead were set off. *Trask* v. *Baxter,* 48 Ill. 407.

Her possession was not adverse. The heirs had no right to immediate possession until the dower was assigned. *Higgins* v. *Crosby,* 40 Ill. 261.

When equity acquires jurisdiction of an estate, it will not compel a resort to a probate court, where the circumstances are of such a nature that equity can be best subserved in the equitable form. *Vansycle* v. *Richardson,* 13 Ill. 171; *Freeland* v. *Dazey,* 25 id. 266; *Townsend* v. *Radcliffe,* 44 id. 446; *Heustis* v. *Johnston,* 84 id. 61.

Where one tenant in common appropriates the entire property to his own use, the other tenants may have an accounting. (*Chambers* v. *Jones,* 72 Ill. 276.) And then accounting falls under the same principle as trustees. Story's Eq. Jur. secs. 465, 466.

Clara H. Bangs ought to have been allowed the value of her services for over three years in caring for her mother at her request, and with the assent of the other heirs. The law will imply a promise to pay what the services are reasonably worth. *Bradbury* v. *Helms,* 92 Ill. 35.

When two persons are subject to a common burden, it shall be borne equally between them. *Golsen* v. *Brand,* 75 Ill. 145.

Messrs. HUTCHINSON & PARTRIDGE, for the defendants in error :

That a court of equity will and does sustain conveyances from husband to wife without a trustee, when made upon meritorious grounds, see *Wallingford* v. *Allen,* 10 Pet. 594; *News* v. *News,* 21 Eng. L. & Eq. 556; *Stanning* v. *Hyle,* 3 P. Wms. 334; *Shepard* v. *Shepard,* 7 Johns. Ch. 57; *Lucas* v. *Lucas,* 1 Atk. 269; *Putnam* v. *Bicknell,* 18 Wis. 338; *Jones* v. *Obensham,* 10 Gratt. 259; 2 Story's Eq. Jur. sec. 1.

The provision being a reasonable one for the maintenance of the wife, will be upheld. *Moritz* v. *Hoffman,* 35 Ill. 557; *Bridgford* v. *Riddell,* 55 id. 262; *Hunt* v. *Johnson,* 44 N. Y. 27; *Dale* v. *Lincoln,* 62 Ill. 22; *Majors* v. *Everton,* 89 id. 56.

If the deed from John Brown to Sarah Brown is sustained in equity, then Sarah Brown could convey an equitable title to John J. Brown, and he succeeded to the right to take the rents.

We also say that Clara H. Bangs, by her *laches,* is estopped from setting up any claim to the rents received by John J. Brown.

Clara H. Bangs has no claim upon the other heirs for boarding Sarah Brown. The evidence shows clearly that when she moved into the house she did so with the intention to board her for the rent of the house. If there was no such agreement, and the rents, together with the $100 allowed by the court, was a fair compensation, there was no error in the decree below.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The original bill in this case was brought for the partition of a tract of land, described as lot 2, among the heirs of Sarah Brown, deceased. It seems to be admitted the land to be divided originally belonged to John Brown. Before his death, which occurred in 1854, he deeded it, with other lands, to his wife, Sarah Brown, in whose name the title stood until her death, which occurred in 1881. Whether the title to the property described in the bill belonged to the heirs of Sarah Brown or John Brown is a matter of no consequence, as they are the identical same persons. It appears all the heirs of both Sarah Brown and John Brown were made complainants, except one daughter, Clara H. Bangs, who, with her husband, Isaac W. Bangs, was made defendant. Prior to and since the death of Sarah Brown, Clara H. Bangs and her husband have resided on the premises, and complainants claim they are entitled to rents from them since the death of the common ancestor, and that in the partition to be made, these rents be adjusted, and the interest of Clara H. Bangs charged with the same, which was done by the decree rendered.

The principal controversy is as to the validity of the deed of John Brown to his wife, Sarah, which was made November 15, 1854. That question is made on the answer of defendants, and upon a cross-bill filed by them. In 1866 Sarah Brown conveyed to her son, John J. Brown, a part of the land conveyed to her by her husband, and which was subsequently platted as lot 7. The cross-bill charges, that as the deed from John Brown to his wife, Sarah Brown, was void at law, John J. Brown took nothing by the deed from his mother, and that the title to lot 7 remained in the heirs of John Brown up to 1879, when a partition of all the estate except lot 2, now involved, was made between the heirs by mutual conveyances, and by which it is conceded John J. Brown obtained the title to lot 7. It also appears that John J.

Brown was in possession of what is described as lot 7, since 1865 or 1866, and received the rents for the same, amounting in the aggregate to quite a large sum, and Clara H. Bangs, in her cross-bill, claims he should be compelled to account to her for a share of the rents of lot 7, as one of the heirs, up to 1879, when the partial partition was made among the heirs. Prior to her death Sarah Brown lived with Clara H. Bangs and her husband in the house on lot 2, and by her cross-bill she alleges she boarded her mother, and gave her that kind and affectionate care for her comfort which a person so old and infirm as she was, so much needed, and asked that she be allowed a reasonable compensation therefor, and that it be made a charge on the lot to be partitioned, against the other heirs. The master, by his report, found the rent of the premises occupied by Clara H. Bangs and her husband was a fair compensation for the board, and so disallowed the claim for board and care of her mother, except as to the sum of $100, which was allowed for extra care during her sickness. The master's report was approved, and the decree of the court is based upon it.

The testimony contained in this record has been carefully examined, and no reason is perceived for setting aside the decree of the court. It is satisfactorily proven the rent of the dwelling house in which complainants in the cross-bill resided, was a fair compensation for the board and care of their mother. In addition to the rent of the premises they were allowed $100 for extra care in the sickness of Mrs. Brown, which, from the evidence, would seem to be a reasonable compensation, and to leave no ground for complaint on that score.

But the point most strongly pressed on the attention of the court is, that John J. Brown should have been compelled to account to complainant in the cross-bill, Clara H. Bangs, for a share of the rents of lot 7, from the time he entered into possession of it, under the pretended deed from his mother, up

to the time of the partition that was made in 1879. Whatever equitable considerations there may be in support of this claim, no legal ground is perceived on which it can be maintained. It is conceded the deed made by John Brown to his wife, Sarah Brown, in 1854, just prior to his death, was void at law, and whether it could be maintained in equity it will not now be necessary to decide. All the heirs acquiesced in the making of the deed by John Brown to Sarah Brown,—at least no steps were ever taken to set it aside, or to have it declared void. Unless assailed by parties in interest, it would stand as an equitable disposition of the property. So long as the title to the property remained in Mrs. Brown, under the deed, it is clear she would be entitled to rents and all income from it as her individual property, subject to her own disposal. She could do as she pleased with the rent, and could bestow the same upon whom she pleased. She chose to give the rents that would come to her from lot 7, to her son, John J. Brown. She might have given such rents to any other one of her children, or divided the same equally among them all, or kept the same to her own use. The income from the property became absolutely her own so long as the heirs permitted the deed to stand, whether it was valid in equity or not. It is wholly immaterial whether she first collected the rent for lot 7, and then gave the same to her son, or gave the lot, by deed or otherwise, to him, that he might collect the same to his own use. It matters little how it was,—the result is the same in the end. This view of the case renders it unnecessary to discuss a number of questions raised on the record that have been elaborately argued by counsel.

The decree of the court below will be affirmed.

*Decree affirmed.*